Argued May 6, affirmed July 15, petition for rehearing
denied August 10, 1971

## OMDAHL, *Appellant, v.* OMARK
## INDUSTRIES, INC., *Respondent.*

486 P2d 1271

*George M. Joseph,* Portland, argued the cause for appellant. With him on the briefs were Morrison & Bailey and Jack H. Dunn, Portland.

*Cleveland C. Cory,* Portland, argued the cause for respondent. With him on the brief were Hugh L. Biggs and Davies, Biggs, Strayer, Stoel & Boley and Howard M. Feuerstein, Portland.

Before O'CONNELL, Chief Justice, and DENECKE, HOLMAN, HOWELL and FORT, Justices.

O'CONNELL, C. J.

This is an action to recover damages for breach of a stock option contract brought by a former employee of defendant. The trial court sustained defendant's demurrer to plaintiff's complaint. Plaintiff refused to plead further, whereupon the court entered judgment for defendant. Plaintiff appeals.

Plaintiff was employed by defendant from about January 5, 1967 to December 31, 1968, a period of slightly less than two years. During plaintiff's period of employment defendant had in force a stock option plan providing in part as follows:

"1. PURPOSE

"This qualified Stock Option Plan (the "Plan")

is intended as an incentive and to encourage stock ownership by certain key employees of OMARK INDUSTRIES, INC. ("OMARK") or of its subsidiary corporations as that term is defined in Article 3 below (the "Subsidiaries") so that they may acquire or increase their proprietary interest in the success of OMARK and its Subsidiaries, and to encourage them to remain in the employ of OMARK or of its Subsidiaries. It is further intended that options issued pursuant to this Plan shall constitute qualified stock options within the meaning of § 422 of the 1954 Internal Revenue Code.

"\* \* \* \* \*

## "5. TERMS AND CONDITIONS OF OPTIONS

"Stock options granted pursuant to the Plan shall be authorized by the Board of Directors and shall be evidenced by agreements in such form as the Committee shall from time to time recommend and the Board of Directors shall from time to time approve, which agreements shall comply with and be subject to the following terms and conditions:

"(a) Employment Requirement

"Each option shall be exercisable by the optionee only after the expiration of two (2) years from the date of the grant and only provided the optionee has, during said period, remained in the continuous employment of OMARK or its Subsidiaries.

"\* \* \* \* \*

"(e) Term and Exercise of Options

"No option shall be exercisable either in whole or in part prior to two years from the date it is granted, \* \* \*.

"\* \* \* \* \*

"(g) Termination of Employment Except Death

"In the event that an optionee shall cease to

be employed by OMARK or its Subsidiaries for any reason other than his death and shall be no longer in the employ of any of them, subject to the condition that no option shall be exercisable before the expiration of two years from the date granted (pursuant to subparagraph (a) above) * * * such optionee shall have the right to exercise the option at any time within three months after such termination of employment. * * *"

On January 5, 1967, defendant's president by letter notified plaintiff that he had been granted an option, "pursuant to the Qualified Stock Option Plan adopted by OMARK," and that "[t]he date of grant of this option is the date of this notice." In addition, the letter stated:

"I enclose a certified copy of the Qualified Stock Option Plan governing the option granted to you, and your attention is invited to all the provisions of the Plan. * * * [T]his option must be exercised, if at all, and to the extent exercised, by no later than five years and no earlier than two years from the date of this notice.

"Your stock option is in all respects limited and conditioned as provided in the Qualified Stock Option Plan, including but not limited to, the following:

"a. Your option may be exercised by you, but only by you, at any time during your lifetime prior to three months following the termination of your employment;

"* * * * *

"At the time or times when you wish to exercise this option, in whole or in part, please refer to the provisions of the Qualified Stock Option Plan dealing with methods and formalities of exercise of your option."

On March 6, 1969, less than three months after the termination of his employment, plaintiff attempted to exercise his option. Defendant refused to perform under the option contract on the ground that plaintiff had not been continuously employed by defendant for two years after the notice given on January 5, 1967. The lower court sustained defendant's demurrer to the complaint and plaintiff appeals.

Subsection 5(a) expressly provides that each option is exercisable only if the optionee has remained in the continuous employment of defendant for two years.

Plaintiff contends that subsection 5(g) modifies this two-year continuous employment requirement because of the manner in which the cross reference is made to subsection 5(a). It is conceded that if subsection 5(g) simply recited, without more, that it was pursuant to subsection 5(a), then all of subsection 5(a) would have been incorporated into subsection 5(g) including the two-year continuous employment requirement. But, it is contended, 5(g) is so worded that it does not incorporate *all* of 5(a). It is pointed out that 5(g) reads: *"subject to the condition that no option shall be exercisable before the expiration of two years from the date granted* (pursuant to subparagraph (a) above) * * *."* (Emphasis supplied.)

It is plaintiff's position that the parenthetical reference was intended to refer only to the expiration period for the option and not the provision for continuous employment. More specifically, plaintiff argues that "Since the reference immediately follows a very clear specific proviso regarding the two-year condition, the ordinary, plain meaning rule of construction ought to restrict it to that portion of subsection (a) that establishes the two-year limitation and not to include the continuous employment limitation."

It is not unreasonable to interpret the parenthetical clause in 5(g) as including the continuous employment requirement of 5(a). On the other hand, if the continuous employment requirement is read out of 5(g), it would in effect result in the excision of that requirement from the stock option contract. Plaintiff argues that, under his interpretation, the continuous employment requirement would still have vitality in all situations other than where the optionee's employment terminates as provided in 5(g). Plaintiff does not attempt to specify the situations in which the continuous employment requirement would have viability if his interpretation is accepted. We can think of none. But assuming that there are such circumstances, we can think of no reason which would prompt defendant to make an exception in the application of the continuous employment for those whose employment was terminated before the two-year period had run.

Plaintiff seeks to support his interpretation of 5(g) by turning to the language in the letter of January 5, 1967 notifying plaintiff that he had been granted a stock option. He also relies on certain language in prospectuses filed with the Securities and Exchange Commission in support of his interpretation.

It is not necessary to set out the language relied upon because we are of the opinion that neither the letter nor the prospectuses are controlling under the circumstances of this case. The letter expressly recites that the stock option "is in all respects limited and conditioned as provided in the * * * Plan" and also referred the optionee to the Plan which was enclosed. The prospectuses referred to the letter of grant "which notice will set forth the terms and conditions of the option in accordance with the Plan."

· These references to the Plan were sufficient notice to plaintiff that the rights of the parties were governed by the terms of the Plan itself and not by any descriptive statements in the letter or prospectus.[1] When we turn back to the Plan itself we can see no reasonable basis for the interpretation urged by plaintiff.

The judgment is affirmed.

---

[1] Fields v. Western Equipment Co., 255 Or 615, 469 P2d 779 (1970).